**CORBETT PRICE LAW, LLC**
By: Joseph Gardner Price, Esquire
PA Attorney I.D. No. 317300                    *Attorneys for Plaintiffs*
612 Spruce Street
Scranton, PA 18505
Telephone: (570) 880-0612
Fax: (570) 221-6023
joeprice@corbettpricelaw.com

## IN THE COURT OF COMMON PLEAS
## OF WYOMING COUNTY

| | | |
|---|---|---|
| **DONALD & MICHELLE YOUNG** | : | |
| | : | |
| Plaintiffs | : | **CIVIL ACTION - LAW** |
| v. | : | |
| | : | |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND HOLDINGS, L.L.C.,** | : | |
| | : | **DOCKET NO. 2020 – CV – 774** |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND, L.L.C.**, | : | |
| | : | **JURY TRIAL DEMANDED** |
| **TUNKHANNOCK BOROUGH** | : | |
| **POLICE DEPARTMENT** | : | |
| | : | |
| **TUNKHANNOCK TOWNSHIP** | : | |
| **POLICE DEPARTMENT** | : | |
| | : | : |
| **PTLM. STEPHEN WILLIAMS** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| **PTLM. COREY SIDOREK** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE TO DEFEND</u>

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within **twenty (20) days** after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court

EXHIBIT "A"

without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

      **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

      **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**NORTH PENN LEGAL SERVICES**      **WYOMING/SULLIVAN BAR ASSN.**
**33 N. MAIN STREET**      **103 WARREN STREET**
**PITTSTON, PA 18640**      **TUNKHANNOCK, PA 18657**
**Telephone: (570) 299-4100**      **Telephone: (570) 836-7363**

DATE: 09/26/22

*s/ Joe Price*
Joseph G. Price, Esq.
Attorney Id No. 317300
CORBETT PRICE, LLC
612 Spruce Street
Scranton, PA 18503
Tel. 570-880-0612
Fax 570-221-6023

**CORBETT PRICE LAW, LLC**
By: Joseph Gardner Price, Esquire
PA Attorney I.D. No. 317300                    *Attorneys for Plaintiffs*
612 Spruce Street
Scranton, PA 18505
Telephone: (570) 880-0612
Fax: (570) 221-6023
joeprice@corbettpricelaw.com

**IN THE COURT OF COMMON PLEAS
OF WYOMING COUNTY**

| | | |
|---|---|---|
| **DONALD & MICHELLE YOUNG** | : | |
| | : | |
| Plaintiffs | : | **CIVIL ACTION - LAW** |
| v. | : | |
| | : | |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND HOLDINGS, L.L.C.,** | : | |
| | : | **DOCKET NO. 2020 – CV – 774** |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND, L.L.C.**, | : | |
| | : | **JURY TRIAL DEMANDED** |
| **TUNKHANNOCK TOWNSHIP** | : | |
| | : | |
| **PTLM. STEPHEN WILLIAMS** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| **PTLM. COREY SIDOREK** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

AND NOW, comes the Plaintiffs, DONALD and MICHELLE YOUNG,

(hereinafter referred to collectively as "Plaintiffs") by and through their attorneys,

CORBETT PRICE, L.L.C., and for their COMPLAINT against the DEFENDANTS,

aver the following:

## PARTIES

1.      Plaintiff, DONALD YOUNG, is an adult and competent with a mailing address of 3451 S. San Joaquin Rd No. 27, Tucson, AZ 85735, and is, and at all times relevant hereto was, the husband of Plaintiff, MICHELLE YOUNG.

2.      Plaintiff, MICHELLE YOUNG, is an adult and competent with a mailing address of 3451 S. San Joaquin Rd No. 27, Tucson, AZ 85735, and is, and at all times relevant hereto was, the husband of Plaintiff, DONALD YOUNG.

3.      Defendant, COZY CREEK FAMILY CAMPGROUND HOLDINGS, LLC, upon information and belief, is a business entity duly registered with the Pennsylvania Department of State assigned Entity Number 4239230 having a registered address of 30 Vacation Lane, Tunkhannock, PA 18657, which, at all times relevant hereto acted as a Manufactured Home Community Owner as defined by 68 P.S. § 398.2.

4.      Defendant, COZY CREEK FAMILY CAMPGROUND, LLC, upon information and belief, is a business entity duly registered with the Pennsylvania Department of State assigned Entity Number 4250127 having a registered address of 30 Vacation Lane, Tunkhannock, PA 18657, which, at all times relevant to this action acted as a Manufactured Home Community Owner as defined by 68 P.S. § 398.2.

5.      Defendant, TUNKHANNOCK TOWNSHIP, upon information and belief, is a political subdivision of the Commonwealth of Pennsylvania with a business address of 113 Tunkhannock Twp. Drive, PA 18657, which, at all times

relevant to this action, acted through its agents, servants, employees, and representatives acting in the course and scope of their employment pursuant to official policies, practices, and customs of Tunkhannock Township and the Tunkhannock Township Police Department.

6.   Defendant, PATROLMAN STEPHEN WILLIAMS, upon information and belief, is a competent adult individual with a last known address of employment being 113 Tunkhannock Twp. Drive, PA 18657, and is being sued in both his individual capacity and in his official capacity as a police officer of Tunkhannock Township Police Department.

7.   Defendant, PATROLMAN COREY SIDOREK, upon information and belief, is a competent adult individual with a last known address of employment being 113 Tunkhannock Twp. Drive, PA 18657, and is being sued in both his individual capacity and in his official capacity as a police officer of Tunkhannock Township Police Department.

## JURISDICTION

8.   This Court has subject matter jurisdiction over this action pursuant to 42 Pa.C.S.A. § 931.

9.   This Court has personal jurisdiction over all defendants pursuant to 42 Pa.C.S.A. § 5301.

## FACTUAL ALLEGATIONS

10.   At all times relevant to this action, the Plaintiffs were owners of a Mobile Home as defined by 75 Pa.C.S.A. § 102.

11.     Plaintiffs mobile home, at all times relevant to this action, was their permanent home and did not serve as a vacation home or recreational vehicle; Plaintiffs did not own or rent any other dwelling.

12.     At all times relevant to this action, Defendants Cozy Creek Campground Holdings, LLC and/or Cozy Creek Family Campground, LLC (hereafter collectively referred to as "Cozy Creek") owned and operated a Manufactured Home Community as defined by 68 P.S. § 398.2.

13.     At all times relevant to this action, three (3) or more manufactured homes as defined by 68 P.S. § 398.2 were located on Cozy Creek's property and were occupied for dwelling and/or sleeping purposes.

14.     On or about October 4, 2018, the Plaintiffs entered into a signed agreement with the Defendants, Cozy Creek Campground Holdings, LLC and/or Cozy Creek Family Campground, LLC (hereafter collectively referred to as "Cozy Creek") wherein Cozy Creek would lease to the Plaintiffs a plot of ground located within the Cozy Creek manufactured home community, in exchange for the monthly payment of rent.

15.     Cozy Creek supplied Plaintiffs with exclusive possession of Lot No. 144.

16.     Plaintiffs thereafter had their mobile home affixed unto Lot No. 144 in such a manner that it would not readily be able to be removed from Lot No. 144.

17.     Plaintiff Donald Young would leave Plaintiffs' home and go to his place of employment, Lockheed Martin, and return home daily.

18.    Plaintiffs, husband and wife, resided jointly in the home located on Lot No. 144.

19.    Cozy Creek supplied the Plaintiff's mobile home with full access to both water and electric utility hookups for which the Plaintiffs paid Cozy Creek directly.

20.    The amount Plaintiffs paid was based on the amount of the utility they used in a particular month and became due after the meter was read at the end of each month.

21.    Plaintiffs intended that their home to remain on Lot No. 144 for more than thirty (30) days.

22.    The Plaintiffs paid rent and utilities for the periods:

    i.   October 2018;

    ii.  November 2018;

    iii. December 2018;

    iv.  January 2019;

    v.   February 2019;

    vi.  March 2019;

    vii. April 2019;

    viii. May 2019;

    ix.  June 2019.

23.    On July 1, 2019, Defendant, Kristie Lee Lacey, who at all time relevant to this action was acting within the scope of her duties as an

employee/owner of Cozy Creek, informed the Plaintiffs of a potential billing issue wherein their bill showed a rental payment for the month of May 2019, however, Cozy Creek alleged no such payment was actually received.

24.     Following a conversation with Plaintiffs in which Plaintiffs maintained that payment was in fact made, Kristie Lee Lacey, on behalf of Cozy Creek informed the Plaintiffs that Cozy Creek was immediately evicting the Plaintiffs from Lot No. 144 and demanded the Plaintiffs immediately remove themselves and their dwelling that was affixed to Lot No. 144 from the Cozy Creek premises.

25.     It was during this time that the Defendant, Patrolman Corey Sidorek (hereafter referred to as "Officer Sidork"), while acting within the scope of his duties as a law enforcement officer for the Defendant, Tunkhannock Township Police Department (hereafter referred to as "TTPD") was dispatched to 30 Vacation Lane, Tunkhannock Township, Wyoming County, Pennsylvania, the location of Cozy Creek, for reports of a verbal dispute.

26.     Upon arrival, Officer Sidork spoke with Plaintiff Michelle Young who stated that the owner of the Cozy Creek, Kristie Lee Lacey, had been attempting to wrongfully evict the Plaintiffs over a billing dispute.

27.     Officer Sidork thereafter spoke with Kristie Lee Lacey who, on behalf of Cozy Creek, informed Officer Sidork that the Plaintiffs were evicted from their exclusive right to possession of Lot No. 144 effective immediately and further that they had to remove their mobile home from Cozy Creek's premises at once.

28.     Officer Sidork complied with Cozy Creek's request and unlawfully informed the Plaintiffs at 1300 hours that they had to remove themselves and their mobile home from Cozy Creek's premises by the close of business of July 1, 2019.

29.     The Plaintiffs mobile home required arrangements to be made with a towing facility as the home was not readily movable on its own, a fact that was explained to Officer Sidork.

30.     At 1715 hours, the Defendant, Patrolman Stephen Williams (hereafter referred to as "Officer Williams"), while acting within the scope of his duties as a law enforcement officer for the TTPD was dispatched to 30 Vacation Lane, Tunkhannock Township, Wyoming County, Pennsylvania, the location of Cozy Creek, for reports that the Plaintiffs were defiantly trespassing on their leased property that they duly paid for.

31.     The Plaintiffs informed Officer Williams that they could not leave the Cozy Creek premises as their home needed as tow, however, Officer Williams at this time placed the Plaintiffs under arrest for defiant trespassing.

32.     Officer Williams placed the Plaintiffs in handcuffs and transported them to the TTPD station for processing.

33.     Officer Williams charged the Plaintiffs each with one (1) count of violation of 18 Pa.C.S.A. § 3503(b)(1)(i) – Criminal Trespass, graded as a Misdemeanor of the 3rd degree.

34.     The Plaintiff Michelle Young was handcuffed to a bench for several hours in a jail cell while the Defendant Officers and TTPD waited for Magisterial

District Judge David K. Plummer (hereafter referred to as "MDJ Plummer") to arrive.

35.     Plaintiffs throughout this time informed the Defendant Officers and other member of TTPD that Plaintiff Michelle Young suffered from PTSD, Fibromyalgia, and other disorders that resulted in her feeling extreme heightened levels of pain in her body due to the handcuffs being so tightly placed on her and extreme mental anguish from her PTSD, anxiety, and other disorders.

36.     TTPD, their agents, servants, and employees ignored Plaintiffs' pleas and kept the Plaintiffs handcuffed while in the jail cell.

37.     MDJ Plummer, upon hearing the facts of the case, immediately dismissed the charges and informed TTPD that Cozy Creek was legally required to go through the legal eviction process.

38.     MDJ Plummer directed TTPD to immediately transport the Plaintiffs back to their home at Cozy Creek, making it clear that the Plaintiffs were not to be considered as trespassers until the eviction process was complete.

39.     Following the dismissal of the charges, TTPD acquiesced to MDJ Plummer's request and transported the Plaintiffs back to their home.

40.     Cozy Creek did not heed MDJ Plummer's advice and continued the unlawful eviction process against the Plaintiffs.

41.     On July 3, 2019, Plaintiffs made arrangements to have their mobile home towed and removed from Lot No. 144, which it at this point the home had been affixed to Lot No. 144 continuously for over Two Hundred and Seventy (270).

42.     TTPD and Cozy Creek made arrangements for 5 or 6 TTPD police vehicles to escort the Plaintiffs and their mobile home away from Cozy Creek, which brought out the entire Cozy Creek community to publicly shame the Plaintiffs, resulting in Plaintiff Michelle Young experiencing extreme anguish, public ridicule, and suffering due to her medical conditions.

43.     On July 8, 2019, Officer Sidorek filed new charges against the Plaintiffs for violation of 18 Pa.C.S.A. § 3503(b)(1)(i) – Criminal Trespass and violation of 18 Pa.C.S.A. § 5503 (a)(4) – Disorderly Conduct.

44.     Officer Sidorek accused the Plaintiffs of criminal trespass for being present at 30 Vacation Lane, Lot No. 144 (Plaintiffs' designated lot at Cozy Creek), Tunkhannock Township, Wyoming County on Monday July 1, 2019 at 1731 hours through Tuesday, July 2, 2019.

45.     At the time the new charges were filed, MDJ Plummer had already dismissed criminal trespass charges levied against the Plaintiffs with the violations being alleged to have occurred on July 1, 2019 at 1731 hours at the identical location.

46.     Incredibly, the new charges alleged that on July 2, 2019, the Plaintiffs were trespassing at literally the exact location MDJ Plummer had directed the TTPD to return the Plaintiffs.

47.     The charges were issued via a summons, which required the Plaintiffs to submit to fingerprinting and have bail set in their case, causing further emotional stress, mental anguish, and humiliation.

48.     Unsurprisingly, these charges were dismissed.

49.      As a result of all of the Defendants actions, Plaintiffs have suffered money damages in the form of, inter alia, counsel fees, travel costs, and costs of litigation.

50.     As a result of the Defendants actions, Plaintiffs suffered actual physical and emotional harm, emotional stress, mental anguish, humiliation

## COUNT 1 – MALICIOUS PROSECUTION

### PLAINTIFFS
### Vs.
### ALL DEFENDANTS

51.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 50 as if fully set forth herein at length.

52.     The Defendants maliciously instituted criminal proceedings against the Plaintiffs.

53.     The Defendants did not have probable cause to institute the proceedings.

54.     The criminal proceedings were terminated in favor of the plaintiff.

55.     Following the criminal proceedings being terminated in favor of the Plaintiffs, the Defendants again instituted the same criminal proceedings against the Plaintiffs.

56.     The Defendants did not have probable cause to institute the second set of criminal proceedings against the Plaintiffs.

57.     The second set of criminal proceedings were terminated in favor of the Plaintiffs.

58.     The Defendants' conduct was malicious, wanton, and willful and exhibited a reckless disregard to the rights of the Plaintiffs.

59.     As a result of the Defendants malicious prosecution, Plaintiffs suffered physical pain and suffering, monetary damages, emotional stress, humiliation, and special damages.

60.     Plaintiffs request damages in excess of $75,000.00

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT II – FALSE IMPRISONMENT

### PLAINTIFFS
### vs.
### ALL DEFENDANTS

61.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 60 as if fully set forth herein at length.

62.     The actions taken by the above-named defendants, as described more fully in the preceding paragraphs, resulted in the Plaintiffs being taken into custody for the purpose of bringing them before a court.

63.     The actions taken by the above-named defendants, as described more fully in the preceding paragraphs, were such that they placed Plaintiffs into a prison detention cell, which detention was not made as a result of a lawful arrest;

rather, the arrest was made to further Cozy Creek's desire to have Plaintiffs evicted.

64.     The actions taken by the above-named defendants, as described more fully in the preceding paragraphs, constitutes false imprisonment in connection with which the Plaintiffs are entitled to recover damages.

65.     The actions taken by the above-named defendants, as described more fully in the preceding paragraphs, were taken willfully, wantonly, and maliciously, with deliberate indifference and without due regard to the rights guaranteed to the Plaintiffs under the Commonwealth of Pennsylvania Constitution.

66.     As a result of the Defendants malicious prosecution, Plaintiffs suffered physical pain and suffering, monetary damages, emotional stress, humiliation, and special damages

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### PLAINTIFFS
### vs.
### ALL DEFENDANTS

67.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 66 as if fully set forth herein at length.

68.     The aforesaid actions of the Defendants were extreme, outrageous, and caused severe emotional distress and physical harm to the Plaintiffs, with reckless disregard for the consequences and with reckless disregard for the rights, safety, and well-being of the Plaintiffs.

69.     The aforesaid actions of the defendants went beyond the threshold of decency and can only be regarded as intolerable in our society.

70.     As a direct and proximate result of the aforesaid illegal and tortious actions of the defendants, Plaintiffs have suffered indignities, humiliation, emotional distress, and mental anguish.

71.     The actions of the Defendants, as set forth above, toward the Plaintiffs were intentional, willful, wanton, and done with a reckless indifference to the rights of the Plaintiffs and warrant imposition of punitive damages.

72.     As a direct and proximate result of the actions of the defendants as more fully set forth above, the Plaintiffs have sustained not only physical injury, but also emotional distress and claim is made thereof.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT IV – ABUSE OF PROCESS

### PLAINTIFFS
**vs.**
### COZY CREEK FAMILY CAMPGROUND HOLDINGS, LLC
### COZY CREEK FAMILY CAMPGROUND, LLC

73.    Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 72 as if fully set forth herein at length.

74.    The above-named defendants, by and through their employees acting within the scope of the duties and in furtherance of the above-named Defendants' interests, unlawfully have the Plaintiffs arrested in order to have the Plaintiffs evicted from the Cozy Creek property.

75.    As a direct and proximate result of the aforesaid illegal and tortious actions of the defendants, Plaintiffs have suffered indignities, humiliation, emotional distress, and mental anguish.

76.    The actions of the above-named defendants, as set forth above, toward the Plaintiffs were intentional, willful, wanton, and done with a reckless indifference to the rights of the Plaintiffs and warrant imposition of punitive damages.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT V – VIOLATION OF 68 P.S. § 398.1, et seq., THE MANUFACTURED HOME COMMUNITY RIGHTS ACT

### PLAINTIFFS
### vs.
### COZY CREEK FAMILY CAMPGROUND HOLDINGS, LLC
### COZY CREEK FAMILY CAMPGROUND, LLC

77.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 77 as if fully set forth herein at length.

78.     At all times relevant and material to this action, Plaintiffs qualified as a lessees under the Manufactured Home Community Rights Act, 68 P.S. § 398.1, et seq. (hereafter referred to as the "MHCRA").

79.     At all times relevant and material to this action, the above-named defendants qualified as manufactured home community owners under the MHCRA.

80.     As such, the above-named defendants were required the take certain actions in order to lawfully evict the Plaintiffs.

81.     The above-named defendants did not abide by said requirements resulting in a violation of the Plaintiffs rights under the MHCRA.

82.     68 P.S. § 398.13 provides any manufactured home community lessee with a private cause of action to recover damages against a manufactured home community owner who violates a manufactured home community lessee's right.

83.     Further 68 P.S. § 398.16.1 classifies a violation of the MHCRA as constituting an "unfair or deceptive act or practice" within the meaning of section 2(4) of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2, et

seq., and shall be a violation of and shall be subject to the enforcement provisions and private rights of actions contained in that act.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

        a) Compensatory damages in excess of $75,000;

        b) Punitive damages;

        c) Reasonable attorney's fees and litigation costs and expenses; and

        d) Such other or further relief as the Court deems just and proper.

<u>**COUNT VI – NEGLIGENCE**</u>

<u>**PLAINTIFFS**</u>
<u>**vs.**</u>
<u>**ALL DEFENDANTS**</u>

84.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 83 as if fully set forth herein at length.

85.     At all times relevant hereto, the defendants owed to Plaintiffs various duties, and breached those duties to the Plaintiffs.

86.     The defendants' breaches of their duties were the direct and proximate cause of the Plaintiffs sustaining physical pain and suffering, and a claim is made therefor.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

        a) Compensatory damages in excess of $75,000;

        b) Punitive damages;

        c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT VII – RESPONDENT SUPERIOR

### PLAINTIFFS
#### vs.
### COZY CREEK FAMILY CAMPGROUND HOLDINGS, LLC
### COZY CREEK FAMILY CAMPGROUND, LLC

87.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 86 as if fully set forth herein at length.

88.     At all times material and relevant to this action, Kristie Lee Lacey, as set forth in detail above, acted as the above-named defendants' agent.

89.     Kristie Lee Lacey undertook all actions while under the control of Cozy Creek and her conduct was part of her employment with Cozy Creek.

90.     Cozy Creek is responsible for all of Kristie Lee Lacey's actions that resulted in Plaintiffs' claimed for damages.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

## COUNT VIII – RESPONDENT SUPERIOR

### PLAINTIFFS
#### vs.
### TUNKHANNOCK TOWNSHIP

91.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 90 as if fully set forth herein at length.

92.     At all times material and relevant to this action, Patrolmen Corey Sidorek and Stephen Williams, as set forth in detail above, acted as the above-named defendants' agents.

93.     Officers Sidorek and Williams undertook all actions while under the control of Cozy Creek and their conduct was within the direct scope of their duties of employment with TT.

94.     TT is vicariously liable for all of Officer Sidorek's and Officer William's actions that resulted in Plaintiffs' claimed for damages.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

      a) Compensatory damages in excess of $75,000;

      b) Punitive damages;

      c) Reasonable attorney's fees and litigation costs and expenses; and

      d) Such other or further relief as the Court deems just and proper.

## COUNT IX – NEGLIGENCE PER SE

### PLAINTIFFS
#### vs.
### COZY CREEK FAMILY CAMPGROUND HOLDINGS, LLC
### COZY CREEK FAMILY CAMPGROUND, LLC

95.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 94 as if fully set forth herein at length.

96.     As stated more in more detail above, the above-named defendants were violated Plaintiffs' rights as guaranteed under the MHCRA, a Commonwealth of Pennsylvania statute.

97.     As such, the Defendants were negligent

98.     Defendants' violations of the statute were the direct and proximate cause of Plaintiffs claimed for damages.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper..

## COUNT X – UNLWAFUL SEIZURE IN VIOLATION OF U.S. CONSTITUTION 4TH AMMENDMENT

### PLAINTIFFS
### vs.
### PTLM. STEPHEN WILLIAMS & PTLM. COREY SIDOREK

99.     Plaintiffs incorporate by reference the allegations contained in the above Paragraphs 1 through 98 as if fully set forth herein at length.

100.    Ptlm. Stephen Williams and Ptlm. Corey Sidorek (collectively referred to as "Defendant Tunkhannock Township Police Officers") seizure of Plaintiffs (i.e. forcefully removing them from their property and placing Plaintiff s in handcuffs and a jail cell) violated Plaintiff s Fourth Amendment Right against an unlawful seizure.

101.    The Defendant Tunkhannock Township Police Officers arrest of the Plaintiffs was unlawful and without legal cause or justification.

102.    The Defendant Tunkhannock Township Police Officers acted without having reasonable grounds to believe that the Plaintiffs committed an offense.

103.    Plaintiffs had their personal liberty and freedom of locomotion unlawfully restrained under a set of circumstance that no reasonable law enforcement officer would conclude that an arrestable offense had occurred.

104.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant Tunkhannock Township Police Officers, the Plaintiffs suffered damages.

105.    The Defendant Chicago Police Officers' conduct toward Plaintiff was undertaken with willful and wanton disregard for the rights of others.

106.    The Defendant Chicago Police Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved.

107.    The Defendant Chicago Police Officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard for the rights of others.

108.    In light of the character of Defendant Chicago Police Officers' actions toward Plaintiff and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, defendants' conduct merits an award of punitive damages.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a) Compensatory damages in excess of $75,000;

b) Punitive damages;

c) Reasonable attorney's fees and litigation costs and expenses; and

d) Such other or further relief as the Court deems just and proper.

Respectfully Submitted,

s/ Joe Price
**CORBETT PRICE, L.L.C.**
Attorneys for Plaintiffs

BY:   Joseph G. Price, Esq.
PA Attorney ID No. 317300
610-612 Biden Street
Scranton, PA 18503
Tel. 570-880-0612
Fax 570-221-6023
joeprice@corbettpricelaw.com

**VERIFICATION**

I, DONALD YOUNG hereby verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.


DATE: <u>09/26/22</u>                         <u>*s/ Donald Young*</u>
                                              Donald Young


**VERIFICATION**

I, MICHELLE YOUNG, hereby verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.


DATE: <u>09/26/22</u>                        <u>*s/ Michelle Young*</u>
                                              Michelle Young

## **CERTIFICATE OF COMPLIANCE**

I, Joseph G. Price hereby certify that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.


*s/ Joe Price*
Joseph G. Price, Esq.

**CORBETT PRICE LAW, LLC**
By: Joseph Gardner Price, Esquire
PA Attorney I.D. No. 317300                      *Attorneys for Plaintiffs*
612 Spruce Street
Scranton, PA 18505
Telephone: (570) 880-0612
Fax: (570) 221-6023
joeprice@corbettpricelaw.com

## IN THE COURT OF COMMON PLEAS
## OF WYOMING COUNTY

| | | |
|---|---|---|
| **DONALD & MICHELLE YOUNG** | : | |
| | : | |
| Plaintiffs | : | **CIVIL ACTION - LAW** |
| v. | : | |
| | : | |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND HOLDINGS, L.L.C.,** | : | |
| | : | **DOCKET NO. 2020 – CV – 774** |
| **COZY CREEK FAMILY** | : | |
| **CAMPGROUND, L.L.C.**, | : | |
| | : | **JURY TRIAL DEMANDED** |
| **TUNKHANNOCK BOROUGH** | : | |
| **POLICE DEPARTMENT** | : | |
| | : | |
| **TUNKHANNOCK TOWNSHIP** | : | |
| **POLICE DEPARTMENT** | : | |
| | : | : |
| **PTLM. STEPHEN WILLIAMS** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| **PTLM. COREY SIDOREK** | : | |
| **Individually and in his official capacity** | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Joseph G. Price, Esq., hereby certify that on the date listed below, I did

serve a true and correct copy of the Plaintiffs' Complaint to the individual(s) listed

below in the manner listed below:

Mark J. Kozlowski, Esq.
Marshall, Dennehey, Warner,
Coleman, & Goggin
mjkozlowski@mdwcg.com
Attorneys for Defendant
Tunkhannock Township Police Department
*VIA EMAIL*

Bryon R, Kaster, Esq.
Dickie McCamey
bkaster@dmclaw.com
Attorneys for Defendant Cozy
Creek Family Campground, LLC &
Defendant Cozy Creek Family
Campground Holdings, LLC
*VIA EMAIL*


DATE: <u>09/26/22</u>                    <u>*s/ Joe Price*</u>
                                        Joseph G. Price, Esq.
                                        Attorney for Plaintiffs